Filed: 5/8/2017 12:56:29 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 16892328
By: Valerie Millican
5/8/2017 1:38:56 PM

17-CV-0569

NO. _____

| | | |
|---|---|---|
| H & S CRANE SALES, INC. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | GALVESTON COUNTY, TX |
| AGCS MARINE INSURANCE | § | Galveston County - 405th District Court |
| COMPANY and FIREMAN'S FUND | § | |
| INSURANCE COMPANY | § | _____ JUDICIAL DISTRICT |

## **PLAINTIFF'S FIRST ORIGINAL PETITION**

TO THE COURT:

Plaintiff, H & S Crane Sales, Inc., files this first original petition against defendants, AGCS Marine Insurance Company and Fireman's Fund Insurance Company, and shows:

I.

1. Plaintiff alleges that discovery should be conducted under Level 2 of the Texas Rules of Civil Procedure.

II.

2. Plaintiff, H & S Crane Sales, Inc., is a Texas corporation with its principle offices in Galveston County, Texas.

3. Defendant, AGCS Marine Insurance Company, an insurance company doing business in Texas, by be served with citation by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. Defendant, Fireman's Fund Insurance Company, an insurance company doing business in Texas, by be served with citation by serving CT

1

Status Conference 8-3-17 s/c/ e-mailed to ATY by vym

Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III.

5.  This court has jurisdiction over the subject matter of this case because the amounts in controversy are within the jurisdictional limits of this court.  Venue is proper in this court according to Texas Civil Practice and Remedies Code sections 15.002 and 15.035 because all or a substantial part of the events or omissions giving rise to the claim arose in Galveston County, Texas.

### IV.

6.  On or about January 28, 2010, defendants issued a commercial general liability and contractor's equipment policy numbers L172000100 and MXI93014110 to Federal Offshore, Inc. effective January 1, 2010, and expiring January 20, 2011.

7.  On or about March 18, 2010, a crane was damaged because of the actions of Federal Offshore, Inc.  A lawsuit was filed against Federal Offshore, Inc. and other is No. 10CV1864, *H & S Crane Sales, Inc. v. Brian P. Min, Federal Offshore, Inc. and Min Transcontinental, Inc.*, in the 212th Judicial District Court of Galveston County, Texas.  On May 29, 2012, the trial court in that case signed a final judgment against Federal Offshore, Inc. in the amount of $595,000; that judgment also provided that portions of the judgment would be paid to parties other than H & S Crane Sales, Inc.

On September 19, 2013, the court of appeals reversed, rendered, and remanded the portion of the trial court's judgment which provided that portions of the judgment would be paid to parties other than H & S Crane Sales, Inc.; the court of appeals used the following language:

> We therefore REVERSE the judgment of the court below and RENDER judgment awarding the entire sum of $595,000 to appellant, H & S Crane Sales, Inc.  We REMAND for further proceedings consistent with this opinion.

On February 17, 2014, the trial court signed a final order on remand consistent with the mandate from the court of appeals.  After an appeal of the final order on remand the court of appeals affirmed and issued a second mandate.  The underlying lawsuit and appeals were defended by attorneys retained by defendants who appeared and answered on behalf of Federal Offshore, Inc.  The policies mentioned above require defendants to pay the judgment in question.  On June 16, 2016, defendants paid H & S Crane Sales, Inc. $234,880.87 as partial payment of the final judgment.  No remaining monies have been paid toward the judgment.  After credits for payments made on the final judgment, the remaining amount owed is approximately $578,055.78, and interest.  Accordingly, plaintiff is entitled to judgment against defendants for the monies still owing under the judgment, for which it hereby sues.  Defendants should be held jointly and severally liable.

V.

8. All conditions precedent to defendants' liability on the insurance policies mentioned above have been performed or have occurred.

VI.

9. Plaintiff sues for actual damages for an amount within the jurisdictional limits of this court. Otherwise, plaintiff seeks only monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney fees. *See* TEX. R. CIV. P. 47 (c).

VII.

10. Plaintiff sues for recovery of reasonable and necessary attorney fees pursuant to Chapter 38 of the Civil Practice & Remedies Code. In this regard, plaintiff will show that defendants were given notice of this claim over thirty days before suit was filed.

VIII.

11. Plaintiff desires to have a jury decide this case. This request is filed over thirty days before this case has been scheduled for trial. Plaintiff has paid the jury fee as required by Texas Rule of Civil Procedure 216(b).

IX.

12. Plaintiff files this request for disclosure pursuant to Rule 194 of the Texas Rules of Civil Procedure. Accordingly, defendants are hereby

requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)–(i) and (k) of the Texas Rules of Civil Procedure.

WHEREFORE, Plaintiff, H & S Crane Sales, Inc., prays that on final trial she have judgment and against the defendants, AGCS Marine Insurance Company and Fireman's Fund Insurance Company, for:

1. actual damages in an amount within the jurisdictional limits of the court;

2. attorney's fees;

3. pre-judgment interest and post-judgment interest;

4. costs of court; and

5. all other relief, legal and equitable, to which the plaintiff is justly entitled.

Respectfully submitted,

/s/Timothy A. Hootman
Timothy Hootman,
SBN 09965450
2402 Pease St
Houston, TX 77003
713.247.9548
713.583.9523 (f)
Email: thootman2000@yahoo.com

ATTORNEY FOR PLAINTIFF, H & S CRANE SALES, INC.
