# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| H & S CRANE SALES, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 3:17-CV-00180 |
| AGCS MARINE INSURANCE COMPANY AND FIREMAN'S FUND INSURANCE COMPANY, | § § § § § | |
| Defendants. | § | |

## DEFENDANT AGCS MARINE INSURANCE COMPANY'S FIRST AMENDED ANSWER

Defendant **AGCS MARINE INSURANCE COMPANY** ("AGCS" or "Defendant) files this amended answer and would show the Court the following:

1. The allegations in Paragraph 1 concern procedural matters, so no answer is required.

2. Admit.

3. Admit.

4. Admit.

5. The allegations in Paragraph 5 state conclusions of law to which no answer is required.

6. Defendant admits that AGCS issued Inland Marine Policy No. MXI93014110 to Min Transcontinental, Inc, and Federal Offshore, Inc., effective January 28, 2010 to January 28, 2011, providing contractor's equipment coverage but denies the remaining allegations in the Paragraph 6.

7.  Defendant admits that a crane was damaged on or about March 18, 2010, and admits that a lawsuit styled *H&S Crane Sales, Inc. v. Brian P. Min, Federal Offshore, Inc. & MIN Transcontinental, Inc*, Cause No. 10CV1864, was filed in the 212th Judicial District Court of Galveston, Texas. Defendant admits that on May 29, 2012, a final judgment was signed. To the extent the allegations in Paragraph 7 concern the contents of that judgment, the judgment is a written document which speaks for itself. Defendant admits that the court of appeals reversed, rendered and remanded the judgment on September 29, 2013. To the extent that the allegations in Paragraph 7 concern the contents of the appellate court opinion, the opinion is a written document which speaks for itself. Defendant admits that on February 17, 2014, the trial court signed a final order and after an appeal of the order after the remand, the appellate court affirmed and issued a second mandate. Defendant admits that the underlying lawsuit was defended by attorneys retained by AGCS but denies that the attorneys were retained by Defendant Firemen's Fund Insurance Co. Defendant denies that AGCS Policy No. MX193014110 had a duty to pay the judgment in question, and avers that the AGCS Policy provides first-party coverage. Defendant is without sufficient information to admit or deny whether purported CGL Policy No. L172000100 had a duty to pay the judgment in question, and so denies same. Defendant admits that AGCS paid H&S Crane Sales the sum of $234,880.87, but denies that this money was paid because AGCS had a duty to pay the judgment. Defendant denies that any amount remains owed on the judgment, and avers that the judgment creditor was dismissed in bankruptcy. Defendant denies that Plaintiff is entitled to a judgment against either defendant. Plaintiff's allegations that the defendants are jointly and severally liable, is a legal conclusion to which no answer is required, but if an answer is required, Defendant denies same. Defendant denies all other allegations in Paragraph 7.

8.  Denied.

9. The allegations in Paragraph 9 state relief sought by Plaintiff so no answer is required, but Defendant denies that Plaintiff is entitled to any of the relief sought.

10. The allegations in Paragraph 10 states relief sought by Plaintiff so no answer is required, but Defendant denies that Plaintiff is entitled to the relief sought. Defendant admits that it had notice of the claim more than 30 days prior to the suit being filed.

11. Paragraph 11 concerns Plaintiff's request for a jury trial, so no answer is required.

12. Paragraph 12 concerns discovery that Plaintiff sought under the Texas Rules of Civil Procedure so no answer is required.

13. Defendant denies that Plaintiff is entitled to the damages, attorneys' fees, pre and post judgment interest, costs of court and/or any other relief or damages sought in its prayer.

14. Any allegation by Plaintiff that Defendant has not expressly admitted is denied.

## AFFIRMATIVE DEFENSES

15. Plaintiff has not stated a claim for which relief can be granted.

16. Plaintiff does not have standing to assert the claim as a judgment creditor as the AGCS Policy did not provide liability coverage for its named insureds.

17. Plaintiff's claim is barred by the terms, conditions and exclusions of the AGCS Policy.

18. Plaintiff's claim is barred by the statute of limitations.

19. Plaintiff's claim is barred by its failure to cooperate with Defendant in determining the repair costs for the crane and the Actual Cost Value of the crane at the time of the Accident.

20. Plaintiff's claim is barred by its spoliation of the crane prior to Plaintiff and Defendant reaching an agreement on the Actual Cost Value of the crane and/or an agreement on repair costs.

21. Plaintiff's claim is barred by its unclean hands.

22. Plaintiff is estopped from seeking coverage.

23. Plaintiff's claim is barred by laches.

24. Plaintiff's claim is barred by the doctrine of unjust enrichment.

25. In the unlikely event that the Court finds that Defendant owes any sums to Plaintiff, then Defendant is entitled to a set off for the amount of any recovery that Plaintiff obtained from the sale of the crane and/or any part of the crane and further Defendant is entitled to an offset for the amount that Defendant paid towards attorneys' fees incurred by Plaintiff in its prosecution of the underlying lawsuit.

**WHEREFORE, DEFENDANT AGCS MARINE INSURANCE CO**. respectfully prays that this Court deny Plaintiff all relief sought, grant Defendant its costs incurred and give Defendant whatever and further relief to which it is entitled in law and equity.

August 15, 2017

Respectfully submitted,

*/s/ Cathlynn H. Cannon*
J. Price Collins (TSBN 04610700)
Federal Bar No. 20404
price.collins@wilsonelser.com
Cathlynn H. Cannon (TSBN 03747500)
Federal Bar No. 14355
cathlynn.cannon@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 – Telephone
(214) 698-1101 – Fax

**COUNSEL FOR DEFENDANTS AGCS MARINE INSURANCE COMPANY AND FIREMAN'S FUND INSURANCE CO.**

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that a true and correct copy of *Defendant AGCS Marine Insurance Company's First Amended Answer* was duly served upon all persons entitled to receive notice, via the CM/ECF Filing System, this 15th day of August, 2017.

                                                  */s/ Cathlynn H. Cannon*
                                                  CATHLYNN H. CANNON